PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID P. ALAN,                                    )
                                                  )       CASE NO. 4:24CV00953
                    Plaintiff,                    )
                                                  )       JUDGE BENITA Y. PEARSON
              v.                                  )
                                                  )
FEDERAL BUREAU OF PRISONS, *et al*.,              )       **MEMORANDUM OF OPINION**
                                                  )       **AND ORDER**
                    Defendants.                   )

*Pro se* Plaintiff David P. Alan, a former federal inmate at FCI Loretto ("Loretto") and

FCI Elkton ("Elkton"), has filed this *Bivens* action against the Federal Bureau of Prisons

("BOP"), the wardens at Loretto and Elkton, two judges, two Complaint Boards, and numerous

unidentified prison employees and medical personnel at the two prisons (ECF No. 1).[1]  Plaintiff

seeks monetary relief in excess of twelve million dollars.

**I. Background**

On December 11, 2023, Plaintiff filed a Complaint alleging violations of his Eighth

Amendment right to adequate medical care from October 2012 to March 2015 during his

---

[1] Plaintiff filed this civil rights Complaint against federal employees, and therefore, this action
is brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403
U.S. 388 (1971). *See Sullivan v. United States*, 90 Fed. App'x. 862, 863 (6th Cir. 2004) (holding
the district court properly construed action as a *Bivens* action where plaintiff alleged that he was
deprived of a right secured by the United States Constitution by persons acting under color of
federal law).

(4:24CV00953)

confinement at FCI Loretto and FCI Elkton.  Plaintiff named the following defendants: Federal

Bureau of Prisons, Elkton, OH and Loretto, PA; Wardens of  Elkton and Loretto; Medical

Doctor, Elkton and Loretto; Psychologist, Elkton and Loretto; Medical Administrator, Elkton and

Loretto; Medical Doctors Assistant, Elkton and Loretto; SHU Unit Commander, Elkton and

Loretto; Lieutenant, Elkton and Loretto; Captain, Elkton and Loretto; Judge, Elkton and Loretto;

Complaint Board, Elkton and Loretto; and Correctional Officers, Elkton and Loretto.

Plaintiff filed the Complaint in the Western District of New York. Plaintiff also filed an

application to proceed *in forma pauperis* (ECF No. 2), which the Western District of New York

granted. (ECF No. 3).  The Western District of New York also ordered Plaintiff to show cause

why the action should not be dismissed for improper venue. (ECF Nos. 3, 6).  Plaintiff filed a

response, seeking leave to amend his Complaint to include the "United States of America Federal

Bureau of Prisons" as a Defendant, and allege Sixth Amendment and due process claims. (ECF

No. 7).  On June 3, 2024, the Western District of New York transferred the action to the Northern

District of Ohio. (ECF No. 9).

The Court construes Plaintiff's "Response" (ECF No. 7) as an amended complaint and

considers this document and his original complaint (ECF No. 1) together.

Plaintiff's Complaint is brief and conclusory.  Plaintiff alleges that during his

confinement at FCI Loretto and FCI Elkton, Defendants failed to provide medical care, despite

Plaintiff and his wife's repeated requests to various prison officials.  Plaintiff alleges he suffered

two "psychotic breaks" while confined at Loretto, and one "psychotic break" while at Elkton.

Plaintiff claims that he made approximately two dozen requests to "various medical personnel . .

(4:24CV00953)

. the nurses delivering meds, the prison's psychologists, the prison's medical doctors, the medical doctor's aides, the heads of the medical departments, the SHU unit commanders, the judges, and the wardens at both facilities." (ECF No. 7).  Plaintiff avers he was denied the right to speak to his attorney, his "due process rights were violated," and the "untreated psychosis" caused a loss of income.  (ECF Nos. 1, 7).  Plaintiff construes the alleged loss of income as a "personal property tort claim." ECF No. 1 at PageID #: 1.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.

3

(4:24CV00953)

*Twombly*, 550 U.S. at 555.   Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* *556 U.S. at 678*.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet the pleading standard.  *Id*.

Courts must construe complaints in the light most favorable to the plaintiff, "accept his or her factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Bibbo v. Dean Witter Reynolds,* *Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

### A. FCI Loretto Defendants

A civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the state in which the Court is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b).  The events in the Complaint concerning FCI Loretto's warden, medical doctor, psychologist, medical administrator, medical assistant, Unit Commander, Lieutenant, Captain, Complaint Board, and "correctional officers" occurred in FCI Loretto, which is located within the Western District of Pennsylvania.  For this reason, the defendants presumably reside in Pennsylvania.  Therefore, the Western District of Pennsylvania is the proper venue for Plaintiff's claims against the FCI Loretto Defendants.  Accordingly, the

4

(4:24CV00953)

Court dismisses Plaintiff's claims against the FCI Loretto defendants without prejudice to Plaintiff showing that the venue in the Northern District of Ohio is proper as to the FCI Loretto Defendants. Below, the Court will considers only the claims against the Elkton Defendants.

### B. *Bivens* Action

### 1. *Bivens* Claims are Time-Barred

Although the statute of limitations is considered to be an affirmative defense, if it is clear on a screening pursuant to Section 1915 that an action is time-barred, the complaint may be dismissed *sua sponte*. *See Castillo v. Grogan*, 52 Fed. App'x. 750, 751 (6th Cir. 2002) (recognizing district courts may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections*, 28 Fed. App'x. 475, 2002 WL 123688, at *1 (6th Cir. 2002) (holding "[b]ecause the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate."); *Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (holding *sua spante* dismissal of a complaint for failure to state a claim under Section 1915 is appropriate, when a complaint is time barred by applicable statute of limitations).

There is no statutorily imposed limitations period in a *Bivens* actions. Rather, a *Bivens* action is governed by the same personal injury statute of limitations that applies to a Section 1983 action. *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987). In Ohio, the two-year statute of limitations for personal injury found in Ohio Rev. Code § 2305.10 governs. *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (en banc).

5

(4:24CV00953)

Here, the conduct alleged in the complaint occurred between October 2012 and March 2015.  ECF No. 1 at PageID #: 4, 5.  The action was filed in December 2023, well beyond the two-year statute of limitations period.  The matter time-barred.  Plaintiff's *Bivens* claims are therefore dismissed as time-barred.

## 2. Failure to State a Claim

Even if Plaintiff's *Bivens* claims were not time-barred, Plaintiff fails to state a claim upon which relief can be granted.

### a. Sixth Amendment and Due Process Claims

*Bivens* provides a cause of action against federal officials acting under color of federal law for certain limited constitutional violations: (1) Fourth Amendment search and seizure; (2) Fifth Amendment gender discrimination; and (3) Eighth Amendment cruel and unusual punishment.  *Ziglar v. Abbasi*, 582 U.S. 120, 121 (2017).  Expanding *Bivens* remedies to other causes of action is "'disfavored.'"  *Id.* at 135 (quoting *Iqbal*, 556 U.S. at 675).  *See, e.g., Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-69 (2001) (rejecting an Eighth Amendment suit against a private prison operator); *FDIC v. Meyer*, 510 U.S. 471, 473-74 (1994) (denying a procedural due process suit against a federal agency for wrongful termination); *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988) (declining a procedural due process suit against Social Security officials); *United States v. Stanley*, 483 U.S. 669, 671-72 (1987) (rejecting a substantive due process suit against military officers); *Chappell v. Wallace*, 462 U.S. 296, 297 (1983) (rejecting a race discrimination suit against military officers).

6

(4:24CV00953)

In his amended complaint, Plaintiff alleges in a conclusory fashion that he was denied the right to speak with his attorney and his "due process rights were violated." (ECF No. 7).  To the extent Plaintiff alleges a violation of the Sixth Amendment right to counsel and his Due Process rights, these claims are not recognized under *Bivens*.  *See FDIC*, 510 U.S. at 473-74 (involving procedural due process); *Schweiker* , 487 U.S. at 414 (concerning also a procedural due process); *Stanley*, 483 U.S. at 671-72, 683-684 (involving a substantive due process); *Montgomery v. Ferentino*, No. 20-3114, 2021 U.S. App. LEXIS 5519, *5 (6th Cir. Feb. 24, 2021) (holding "[Plaintiff's] Sixth Amendment claims for the alleged violation of his right to counsel do not fall within any of the existing contexts for which the Supreme Court has implied a *Bivens* remedy.") (citing *Sharratt v. Murtha*, 437 F. App'x 167, 170 (3rd Cir. 2011) (expressing doubt as to whether alleged violation of Sixth Amendment was a cognizable *Bivens* cause of action)).  Nor are there any reasons to infer a new *Bivens* cause of action for this claim. *Ziglar*, 582 U.S. at 137; *see Robinson v. United States*, No. 4:18-cv-1817, 2019 WL 1255208, at *3 (N.D. Ohio Mar. 19, 2019) ("[I]f there is an alternative remedial structure in place to address a given situation, the Court should not infer a new *Bivens* cause of action.").

Plaintiff, therefore, fails to state plausible Sixth Amendment and Due Process claims upon which relief can be granted.

**b. Eighth Amendment Claims**

To the extent Plaintiff alleges a claim against the BOP or FCI Elkton for a violation of his Eighth Amendment right to medical care, he cannot proceed.  Plaintiff cannot bring a *Bivens* action against a federal prison.  *Bivens* provides a limited cause of action against individual

(4:24CV00953)

federal officers alleged to have acted unconstitutionally. *Malesko*, 534 U.S. at 70. *Bivens* does

not support an action against the United States government or any of its agencies, including the

Bureau of Prisons and any of the federal prisons under its control. *Id.*; *see FDIC v. Meyer*, 510

U.S. 471, 484-86 (1994); *Okoro v. Scibana*, 63 F.App'x 182, 184 (6th Cir. 2003) (stating that a

federal prisoner cannot bring a *Bivens* action against the Bureau of Prisons). The BOP is an

agency of the United States Government and FCI Elkton is a prison operated by the BOP. *Bivens*

claims cannot be brought against these defendants, and Plaintiff's claims against them fail as a

matter of law.

Additionally, Plaintiff fails to state a claim against any individual. To state a claim under

*Bivens*, Plaintiff must identify an individual defendant and allege facts suggesting the particular

defendant was personally involved in the alleged deprivation of his constitutional rights. *See*

*Ziglar v. Abbasi*, 582 U.S. at 137 (holding a *Bivens* claim is brought against the individual

official for his or her own acts, not the acts of others); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85,

86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Steele v. Fed. Bureau of*

*Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) *abrogated on other grounds by Jones v. Bock*, 549

U.S. 199, 215 (2007) (requiring that to be subject to *Bivens* liability, a defendant must have had

"direct, personal participation" in the constitutional violation).

Here, Plaintiff has not identified any specific officer or staff member. Rather, he refers

generically to "medical doctor," "psychologist," "medical administrator," "medical doctor's

assistant," "Unit Commander," "Lieutenant," "Captain," "Judge," "Complaint Board," and

"Correctional Officers." He claims that he made numerous requests for medical treatment to

8

(4:24CV00953)

"various medical personnel" and the aforementioned individuals to no avail. (*See* ECF Nos. 1 and 7).  Plaintiff, however, has not identified any specific officer or staff member in his Complaint.  Plaintiff cannot hold any particular individual personally liable by simply addressing his claim against unnamed individuals who hold a specific title in the prison.  *See* *Hill v. United States Marshals*, No. 1:23 CV 1582,2023 U.S. Dist. LEXIS 203153, *4 (N.D. Ohio Nov. 14, 2023) (dismissing *Bivens* claim where Plaintiff failed to identify specific officers that were personally involved in the alleged deprivation of constitutional rights and referred only to "U.S. Marshals").

Moreover, *Bivens* claims cannot be brought against a defendant under a theory of *respondeat superior*.  *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978) (recognizing "the theory of *respondeat superior* would be fundamentally inconsistent with the import of *Bivens*") (internal quotation marks and citation omitted).  Supervisors may not be held liable for the unconstitutional conduct of their subordinates based solely on a mere right to control employees or on a failure to act.  *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (1989)).  Rather, "supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Bass*, 167 F.3d at 1048)).  Plaintiff must show that the supervisor somehow encouraged or condoned the actions of his or her employees. *Id.*  Here, Plaintiff alleges only that he and his wife made requests for medical treatment to the warden. (ECF No. 7).  This allegation does not demonstrate that the warden was personally involved in the alleged denial of medical care or that he actively approved of the denial of

(4:24CV00953)

medical care.  Plaintiff's purported claim appears based on a *respondeat superior* theory of

liability against the warden at Elkton and therefore fails.

### C. Federal Tort Claims Act ("FTCA")

In a brief and conclusory manner, Plaintiff also identifies the nature of his action as "loss

of income (personal property tort claim)", and alleges in his second claim that the defendants

"caused [him] to lose his usual and customary income . . . as a result of not being medically

treated." ECF No. 1 at PageID #5. To the extent the Court can construe this claim as a tort claim,

Plaintiff's claim fails.

The Westfall Act immunizes federal employees from liability for torts they commit when

acting within the scope of their federal employment. 28 U.S.C. § 2679(b)(1).  When a federal

employee acts within the scope of his or her employment and commits a tort, any relief for that

tort must be sought against the government under the Federal Tort Claims Act, 28 U.S.C. §§

2671-2680 (the "FTCA").  The Federal Tort Claims Act provides the exclusive jurisdictional

basis for tort claims against the United States and its employees for actions committed in the

scope of their employment.

The United States, as a sovereign, is immune from suit unless it explicitly waives its

immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941).  By enacting the FTCA,

Congress waived the United States' sovereign immunity under very limited circumstances for

claims against the federal government arising from torts committed by federal employees who

are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United*

*States v. Orleans*, 425 U.S. 807, 813-14 (1976).  Congress defined the exact terms and conditions

10

(4:24CV00953)

upon which the government may be sued, and the terms of the United States' consent define the

parameters of federal court jurisdiction to entertain suits brought against the United States.

*Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall forever be barred

unless . . . presented in writing to the appropriate Federal agency within two years after such

claim accrues." 28 U.S.C. § 2401(b).  The timely filing of an administrative claim is a

requirement of the FTCA.  If the administrative requirements of the FTCA have not been

fulfilled, the case must be dismissed for lack of jurisdiction.  *Dolan v. U.S.*, 514 F.3d 587, 593

(6th Cir. 2008).  The Court cannot extend the waiver of immunity beyond what Congress

intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979).  Because Section 2401(b) is a

condition of the United States' waiver of immunity, it must be interpreted solely by reference to

federal law.

To file an administrative claim under the FTCA, the litigant must (1) give written notice

of a claim sufficient to enable the agency to investigate the claim; and (2) place a value (or 'sum

certain') on the claim.  28 U.S.C. § 2401(b); 28 U.S.C. § 2675; *see also Glarner v. U.S., Dep't of*

*Veterans Admin.*, 30 F.3d 697 (6th Cir. 1994) (citing *Sellers v. United States*, 870 F.2d 1098,

1101 (6th Cir.1989); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981)). The written

notice can take various forms, including an SF95 form.  *See Glarner*, 30 F.3d at 700.

Here, there is no suggestion in the complaint that Plaintiff has properly exhausted a claim

concerning any personal property loss under the FTCA.  This claim must, therefore, be

dismissed.

11

(4:24CV00953)

<h2 align="center">IV. Conclusion</h2>

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


   IT IS SO ORDERED.


  April 30, 2025        /s/ Benita Y. Pearson
Date             Benita Y. Pearson
              United States District Judge

12